# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
FLEMING, HAYES, and POND
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class JONATHAN M. HERNANDEZ**
**United States Army, Appellant**

ARMY 20210429

Headquarters, Fort Liberty
Amy Fitzgibbons, Military Judge
Colonel Warren L. Wells, Staff Judge Advocate (pre-trial)
Colonel Joseph B. Mackey, Staff Judge Advocate (post-trial)

For Appellant: Lieutenant Colonel Autumn R. Porter, JA; Major Robert W. Rodriguez, JA; Captain Rachel M. Rose, JA (on brief).

For Appellee: Colonel Christopher B. Burgess, JA; Lieutenant Colonel Jacqueline D. DeGaine, JA; Major Chase C. Cleveland, JA; Captain Vy T. Nguyen, JA (on brief).

22 April 2024

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

FLEMING, Senior Judge:

Appellant raises three assignments of error, only one of which merits discussion but ultimately no relief. Appellant argues the 615 days from sentencing to this court's receipt of the record is excessive delay under Article 66(d)(2), Uniform Code of Military Justice [UCMJ], and requests this court grant appropriate relief by reassessing the sentence. Having considered the entire record and the

government's justification for the delay, we agree the post-trial delay in this case was excessive, but we determine no relief is warranted.[1]

## BACKGROUND

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of wrongful possession of a controlled substance, one specification of communicating a threat, two specifications of provoking speech, two specifications of simple assault, three specifications of assault consummated by a battery, one specification of assault upon a person in the execution of law enforcement duties, and one specification of drunk and disorderly conduct in violation of Articles 112a, 115, 117, 128, and 134, UCMJ, 10 U.S.C. §§ 912a, 915, 917, 928 and 934. Appellant was also convicted, contrary to his pleas, of one specification of abusive sexual contact, one specification of indecent exposure, and one specification of assault consummated by a battery in violation of Articles 120, 120c, and 128, UCMJ. The military judge sentenced appellant to a dishonorable discharge and eleven months and eleven days of confinement. The convening authority took no action on the findings and sentence.

Appellant was sentenced on 29 June 2021. The Staff Judge Advocate provided clemency advice to the convening authority on 4 August 2021, and the convening authority acted on 13 August 2021. The military judge entered judgment on 17 September 2021. Transcription of the 351-page transcript was completed and sent to the trial counsel for errata on 3 June 2022. Trial counsel completed pre-certification on 9 November 2022, and the transcript was forwarded to the military judge on 16 November 2022. The military judge authenticated the record on 5 January 2023 and the court reporter certified the transcript on 22 February 2023. This court docketed appellant's record of trial on 6 March 2023, 615 days after appellant's trial and sentencing.

A memorandum from the chief of military justice at Fort Liberty, dated 22 February 2023, contained in the record of trial, attributed the post-trial delay to, *inter alia,* a backlog of cases, high turnover of court reporter personnel, and vacancies in post-trial personnel billets.

---

[1] We have given full and fair consideration to the matter personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find it merits neither discussion nor relief.

## LAW AND DISCUSSION

We review allegations of excessive post-trial delay de novo. *United States v. Anderson*, 82 M.J. 82, 85 (C.A.A.F. 2022) (citing *United States v. Moreno*, 63 M.J. 129, 135 (C.A.A.F. 2006)).

In determining whether relief is appropriate under Article 66(d)(2), UCMJ, this court has abandoned following a fixed 150-day timeline to presume whether post-trial delay is reasonable or unreasonable. *See United States v. Winfield*, 83 M.J. 662, 665-66 (Army Ct. Crim. App. 2023). Instead, this court broadly focuses "on the totality of the circumstances surrounding the post-trial processing timeline for each case, balancing the interplay between factors such as chronology, complexity, and unavailability, as well as the unit's memorialized justifications for any delay." *Id.* at 666. To evaluate delay, this court considers "the four factors set forth in *Barker v. Wingo*: (1) the length of the delay; (2) the reasons for the delay; (3) the appellant's assertion of the right to timely review and appeal; and (4) prejudice." *Moreno*, 63 M.J at 135 (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)) (cleaned up). When considering justifications for delay our superior court has held "personnel and administrative issues. . . are not legitimate reasons justifying otherwise unreasonable post-trial delay." *United States v. Arriaga*, 70 M.J. 51, 57 (C.A.A.F. 2011).

Here, 615 days to process, transcribe, and transmit appellant's record to this court is excessive, and the facts and circumstances in this case are insufficient to justify the lengthy post-trial delay. The convening authority took action 45 days after sentencing but transcription of the 351-page transcript took another 294 days before the transcript was forwarded to the trial counsel for errata. Trial counsel, Captain M.D., then took 159 days to complete errata, making only three corrections.[2] Correction of the transcript to forward to the military judge took another 7 days, and the military judge authenticated the record 50 days after receipt. The timely preparation of the record remains the responsibility of the government. Having considered the entire record and the government's failure to provide adequate justification for the post-trial delay, we find the post-trial processing of appellant's case is excessive.

---

[2] We pause to note the memorandum from the chief of military justice states, by way of justification for this delay, the trial counsel "was the lead counsel on a contested panel case and in the process of a [permanent change of station] move." These two inherent obligations do not justify counsel reviewing a transcript for errata at a rate of just above two pages per day.

When an appellant demonstrates excessive post-trial processing, this court has the discretion to determine whether relief is appropriate. *See* UCMJ Art. 66(d)(2), (stating "the Court *may* provide appropriate relief. . . .") (emphasis added). Exercising our discretion, we find there is no appropriate relief warranted in this case. Appellant was convicted of one specification each of abusive sexual contact, indecent exposure, and battery on one victim; two specifications of simple assault, three specifications of assault consummated by a battery, and one specification of assault upon a person in the execution of law enforcement duties; communicating a threat and provoking language to two people; one specification of drunk and disorderly conduct; and possession of cocaine. With the exception of appellant's possession of cocaine, which occurred on or about 8 August 2020, the remaining offenses all occurred in close sequence on or about the evening of 7 August 2020. Appellant's sentence to a dishonorable discharge and eleven months and eleven days of confinement appropriately accounts for the severity of appellant's misconduct. Despite the excessive post-trial delay in appellant's case, under the facts and circumstances of this case we do not believe relief is appropriate and decline to grant it.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Judges HAYES and POND concur.

FOR THE COURT:

STEVEN P. HAIGHT
Acting Clerk of Court

4